IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SONOMA, | No. C 10-3270 CW |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EXPEDITED MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL (Docket No. 143) |
| v. | |
| FEDERAL HOUSING FINANCE AGENCY; EDWARD DeMARCO, in his capacity as Acting Director of FEDERAL HOUSING FINANCE AGENCY; FEDERAL HOME LOAN MORTGAGE CORPORATION; CHARLES HALDEMAN, JR. in his capacity as Chief Executive Officer of FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MICHAEL J. WILLIAMS, in his capacity as Chief Executive Officer of FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendants. | |

Defendants Federal Housing Finance Agency (FHFA) and Acting Director Edward DeMarco, pursuant to Federal Rule of Civil Procedure 62(c), move this Court to stay its September 13, 2011 order granting in part Sonoma County's motion for a preliminary injunction. In the event that the Court denies Defendants'

request for a stay pending disposition of their appeal to the Ninth Circuit, Defendants seek a limited ten-day stay of the preliminary injunction to permit the FHFA to request a stay pending appeal from the Ninth Circuit. Having considered the parties' submissions, the Court GRANTS IN PART Defendants' expedited motion, permitting a limited ten-day stay to allow the FHFA to seek a stay from the Ninth Circuit, but DENIES imposition of a stay pending resolution of the appeal.

## DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that a stay is in the public

interest.[1]  Nken, 129 S. Ct. at 1761 (noting overlap with Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)).  The first two factors of this standard "are the most critical."  Id.  Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest.  Id. at 1762.

Defendants contend that they are entitled to a stay under the substantial question test.  The parties do not dispute that the appeal presents a substantial case raising serious legal questions.  However, Defendants have failed to demonstrate that the FHFA will suffer irreparable injury absent a stay and that the public interest requires the issuance of a stay.

The Court has granted limited injunctive relief, permitting the FHFA to maintain its directives against PACE programs, while requiring it proceed with the notice-and-comment process.  Sonoma County initially asked that the FHFA issue an Advance Notice of Proposed Rulemaking (ANPR) by September 16, 2011, with a thirty-day comment period.  The FHFA cited other agency obligations and proposed, instead, thirty days for the issuance of an ANPR and a

---

[1] An alternative to this standard is the "substantial questions" test.  Under this test, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff" can support the issuance of a stay, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (holding that the substantial questions test, for purposes of a motion for preliminary injunction, survives Winter, 555 U.S. at 7).

sixty-day comment period. The FHFA's desired schedule was adopted in the preliminary injunction.

The FHFA argues that it will suffer irreparable harm absent a stay because the preliminary injunction will thwart its ability to react in a timely and effective fashion to further developments in the PACE programs and other matters that may pose risks to the Enterprises. This reasoning is not persuasive. The Court's order leaves in place the FHFA's and the Enterprises' directives with respect to the PACE programs. Nor does the injunction require that the FHFA commence the notice-and-comment process regarding any other issue.

Furthermore, Defendants claim that the preliminary injunction will impose a burden on the FHFA's limited financial and personnel resources. Yet the FHFA's supporting declaration fails to identify any agency activity that will be undermined through the diversion of funds or staff time. The declaration's assertion of the particular benefits of informal guidance over formal rulemaking does not establish that the FHFA will be irreparably harmed by the preliminary injunction.

The balance of hardships tips in favor of Sonoma County. The stay would cause further harm to Sonoma County because it would delay the opportunity for the county, its residents and other stakeholders to submit input through a formal process for the FHFA's consideration. Contrary to Defendants' suggestion, general opportunities to speak publicly about the issues at hand and the

4

ability of members of the public to launch websites in support of PACE programs, such as PACENOW.org in this instance, do not provide adequate substitutes for the notice and comment process afforded by the Administrative Procedures Act.

Finally, the public interest is served through allowing the Court's narrow grant of injunctive relief to go into effect. As noted earlier, the order does not disturb the FHFA's and Enterprises' current PACE policies. Rather, the injunction is limited to commencing the notice and comment process to allow for public input on this issue and insure deliberative, transparent decision-making by the FHFA. The notice and comment process does not mandate a specific outcome or eliminate the FHFA's authority to render its decision. Thus, contrary to the FHFA's contention, the injunction will not produce poor public policy results. Nor does the preliminary injunction impose any sweeping limitation on the FHFA's supervisory authority.

The Court denies Defendants' request to stay enforcement of the preliminary injunction until resolution of the FHFA's appeal. However, the Court grants Defendants' alternative request for a ten-day stay to seek a stay from the Ninth Circuit. If the FHFA pursues a stay from the Ninth Circuit, the motion shall be filed within that time period. In the event that the Ninth Circuit does not resolve the FHFA's motion for a stay within ten days after this order, this Court's stay shall continue until the Ninth Circuit resolves the motion.

Pursuant to the Court's preliminary injunction, no later than thirty days after September 13, 2011, the date the injunction was issued, the FHFA is required to publish an ANPR relating to the July 6, 2010 statement and its February 28, 2011 letter. This Court's ten-day stay and any continuation of the stay to allow the Ninth Circuit to rule on the FHFA's request shall toll the thirty-day deadline for an ANPR. As stated in the preliminary injunction, if necessary, the parties may seek an extension of any deadlines, including the April 30, 2012 deadline for the FHFA to publish its final rule in the Federal Register.

IT IS SO ORDERED.


Dated: 9/30/2011

CLAUDIA WILKEN
United States District Judge